**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SANDRA TRUE,

               Plaintiff,

        v.

EARLY CHILDCARE III, LLC d/b/a HAPPY
DAYS CHILD CARE CENTER,

               Defendant.

No. 25 C 3070

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

Sandra True ("Plaintiff") brings this action against her former employer Early Childcare III, LLC (d/b/a Happy Days Child Care Center) ("Defendant") for alleged disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"). Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. R. 20. For the following reasons, that motion is denied.

**Legal Standard**

A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of the complaint." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) (citation omitted). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While

1

"detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Facial plausibility exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *See Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023).

## Background

Plaintiff began working as a director at the Happy Days Child Care Center in April 2016. R. 19 ¶ 11. Her responsibilities included monitoring children, organizing activities for them, ensuring they were clean and fed, and cleaning interactive areas, and she had an established track record of excellent performance throughout her years at the company. *Id.* ¶¶ 12, 38. Plaintiff suffers from a slipped disc, which makes it difficult for her to stand for long periods of time and walk. *Id.* ¶¶ 14–15. Shortly after she reported her disability to Defendant in July 2024, Defendant demoted her from director to teacher, claiming that she did not have the proper credentials for the director role. *Id.* ¶¶ 17–26. The shift from being a salary employee to an hourly employee caused a reduction in pay. *Id.* ¶ 24.

In September 2024, Plaintiff suffered a heart attack and a mild stroke, and missed a week and a half of work as a result. *Id.* ¶¶ 28–29. Following her return in October 2024, she faced increased hostility and scrutiny in connection with her disability. *Id.* ¶ 30. For instance, the new director criticized Plaintiff for briefly sitting down due to a flare-up of her condition while supervising children. *Id.* ¶ 31. When Plaintiff explained that she was "in pain due to her disability and would resume full duties shortly," the new director stated, "You need to go to the doctor and get accommodations." *Id.* ¶¶ 32, 33. Plaintiff responded that although she lacked health insurance, her disability was documented in her personnel file and she possessed a valid disability placard. *Id.* ¶ 35. The new director continued to make disparaging remarks and questioned Plaintiff's fitness for the job. *Id.* ¶ 37. Later that month, when Plaintiff and four other teachers were sitting down while supervising children on the playground, management singled out Plaintiff for discipline, ignoring the other teachers who were also seated. *Id.* ¶ 40. On November 26, 2024, Defendant fired Plaintiff, with the stated reason for her termination being that she was "physically unable to interact with kids." *Id.* ¶ 42.

Plaintiff filed this suit on March 24, 2025 alleging disability discrimination (Count I), failure to accommodate (Count II), and retaliation (Count III) in violation of the ADA. Defendant filed a motion to dismiss the original complaint, which the Court denied as moot after Plaintiff filed a first amended complaint in lieu of a response. R. 14, 19, 21. Defendant then filed a motion to dismiss the first amended complaint. R. 20.

## Discussion

### I.    Discrimination

"The ADA prohibits employers from discriminating against qualified individuals due to a disability." *Rowlands v. United Parcel Serv. - Fort Wayne*, 901 F.3d 792, 798 (7th Cir. 2018) (citing *Rodrigo v. Carle Found. Hosp.*, 879 F.3d 236, 241 (7th Cir. 2018)); *see also* 42 U.S.C. § 12112(a). To state a claim of discrimination under § 12112(a), Plaintiff must allege that (1) she is disabled within the meaning of the ADA; (2) she is qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) she suffered an adverse employment action because of her disability. *Roberts v. City of Chicago*, 817 F.3d 561, 565 (7th Cir. 2016) (citation omitted). As to causation, Plaintiff must sufficiently allege that Defendant would not have taken the alleged adverse action "but for" her disability. *See id.*

Defendant contends that Plaintiff fails to state a disability discrimination claim because the complaint is devoid of any allegations that her alleged disability caused her termination. Yet, Plaintiff alleges that the express, stated reason for her termination was that she was "physically unable to interact with kids." R. 19 ¶ 42. This direct reference to her physical incapacity as the basis for her termination plausibly suggests that but for her disability, she would not have been fired. *See Freeman v. Metropolitan Water Reclamation Dist. of Greater Chicago*, 927 F.3d 961, 965 (7th Cir. 2019) (plaintiff stated ADA discrimination claim where he alleged that the defendant fired him "due to" his alcoholism and his request to accommodate his condition); *Eiler v. City of Pana*, 606 F. App'x 305, 306 (7th Cir. 2015) (district court erred in dismissing ADA discrimination claim where plaintiff alleged that she was

4

not hired because of her disability); *Kelley v. Chicago Transit Auth.*, No. 20-CV-02881, 2021 WL 698482, at *4 (N.D. Ill. Feb. 23, 2021) (finding plaintiff adequately pled causation where he alleged that he was removed from his position because of a diabetic incident and CTA refused to allow him to return to work due to their belief that a Type 1 diabetic could not work for the CTA as an electrician).[1] The Court thus denies the motion to dismiss the disability discrimination claim.

## II. Failure to Accommodate

"Discrimination under the ADA includes failing to make reasonable accommodations to a qualified employee's disability." *Rowlands*, 901 F.3d at 798 (citing *Rodrigo*, 879 F.3d at 241). To state a failure to accommodate claim, Plaintiff must plead that (1) she is a qualified individual with a disability; (2) Defendant was aware of her disability; and (3) Defendant failed to reasonably accommodate her disability. *Id.*; *Brumfield v. City of Chicago*, 735 F.3d 619, 631 (7th Cir. 2013). Generally, a plaintiff "must *request* an accommodation for his disability in order to claim he was improperly *denied* an accommodation under the ADA." *See Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 813 (7th Cir. 2015) (citations omitted) (emphasis in original).

---

[1] The Fourth Circuit cases relied upon by Defendant are not binding on this Court, and in any case, are materially distinguishable from the case at bar. *Cf. Kelly v. Town of Abingdon, Va.*, 90 F.4th 158, 170 (4th Cir. 2024) (affirming dismissal where plaintiff offered no facts that suggested the defendant mistreated him because of his disabilities, rather than personal and political conflicts); *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020) (affirming dismissal of Title VII claim where the court, rather than drawing a reasonable inference, would have to "speculate" and "fill in the gaps" regarding the defendant's motive for termination).

Defendant argues that the failure to accommodate claim fails because there is no allegation that Plaintiff ever requested an accommodation. However, Plaintiff alleges that when the new director chastised her for sitting down while supervising children during a flare-up, Plaintiff explained "that she was in pain due to her disability and would resume full duties shortly." R. 19 ¶ 32. She further alleges that Defendant never provided her with a reasonable accommodation, "such as the ability to occasionally sit while supervising children, despite [her] multiple attempts to request one." *Id.* ¶ 44. Taken together, the reasonable inference from these allegations is that Plaintiff asked for an accommodation, specifically the ability to sit for certain periods while at work. Discovery may reveal otherwise. But at this stage, accepting all well-pled factual allegations as true and drawing all reasonable inferences in her favor, Plaintiff adequately pleads that she requested an accommodation. Moreover, the question of whether the requested accommodation was reasonable is a fact-specific inquiry not appropriate for resolution on a motion to dismiss. *See Tartol v. Discover Fin. Servs., Inc.*, No. 19 C 6907, 2020 WL 12188622, at *3 (N.D. Ill. July 1, 2020) (citation omitted). Therefore, the Court denies the motion to dismiss the failure to accommodate claim.

III.    Retaliation

"The ADA also prohibits retaliating against individuals (qualified or not) who have engaged in activities protected by the ADA[.]" *Rowlands*, 901 F.3d at 798 (citing *Rodrigo*, 879 F.3d at 243). To state a retaliation claim, Plaintiff must plead "that she engaged in protected activity, that she suffered an adverse action, and that there is a

causal connection between the two." *Id.* at 801 (citation omitted). Defendant argues that Plaintiff fails to state a retaliation claim because she does not allege that she engaged in any protected activity. Yet seeking an accommodation is a protected activity under the statute. *Rodrigo*, 879 F.3d at 243 (citing *Preddie*, 799 F.3d at 814–15). Defendant insists that Plaintiff's allegation that she sought an accommodation is conclusory. But for the reasons explained above, that argument is unavailing.

Defendant also suggests in reply that Plaintiff fails to adequately plead a causal connection between any request for an accommodation and her termination. Here, the close timing between Plaintiff's exchange with the new director in October 2024 and her termination the following month is sufficient to plead a plausible causal connection. *See Nache v. BNSF Ry. Co.*, No. 423CV04063SLDJEH, 2024 WL 945299, at *8 (C.D. Ill. Mar. 5, 2024) (denying dismissal of retaliation claim where plaintiff allegedly requested an accommodation two months before she was terminated); *Harris v. Martinez*, No. 22-CV-00373, 2023 WL 3504930, at *7 (N.D. Ill. May 17, 2023) (noting that "the dismissal of retaliation claims at the pleading stage is typically premised on at least a one-year gap between the protected activity and adverse action"); *Tuhey v. Ill. Tool Works, Inc.*, No. 17 C 3313, 2017 WL 3278941, at *5 (N.D. Ill. Aug. 2, 2017) ("Before having the benefit of discovery, retaliation plaintiffs often can suffuse their claims with nothing more than allegations of suspicious timing," but "[t]hat does not render them implausible.") (citation omitted). The motion to dismiss the retaliation claim is denied.

## Conclusion

For the foregoing reasons, the Court denies the motion to dismiss.

ENTERED:

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: October 14, 2025